IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 12-265-001 (RC)** |
| | : | |
| **SALIH ZEKI OZTURK** | : | |
| | : | |
| **Defendant.** | : | |

**STIPULATED REQUEST FOR JUDICIAL REMOVAL OF
<u>DEFENDANT SALIH ZEKI OZTURK</u>**

Defendant Salih Zeki Ozturk and the United States hereby agree and stipulate pursuant to section 238(c)(5) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1228(c)(5), to the following:

1. The defendant admits that his correct name is Salih Zeki Ozturk.

2. The defendant admits that he is not a citizen or national of the United States.

3. The defendant admits that he is a native and citizen of Turkey.

4. The defendant admits that he entered the United States legally on or about September 4, 2012, pursuant to a duly-authorized B2 visa, which has since expired.

5. The defendant admits that at the time of sentencing in this matter, he will be convicted in this Court of Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371 (conspiracy to unlawfully export U.S. goods to Iran and defraud the United States).

6. The defendant understands that 18 U.S.C. § 371 carries a sentence of not more than 5 years imprisonment.

7. The defendant understands and waives his right, pursuant to section 238(c)(2)(A) of the Act, 8 U.S.C. § 1228(c)(2)(A), to have notice of the United States' intent to request judicial removal prior to the commencement of the trial or a guilty plea in this case.

8. The defendant understands and waives his right, pursuant to section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations forming the basis of his removal served upon him 30 days prior to sentencing.

9. The defendant has had his rights in a judicial removal proceeding fully explained to him by his counsel, Karl A. Racine, Esquire. After consultation with his counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to notice of intent to request judicial removal and a charge containing factual allegations regarding the removal. The defendant also understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Act, on the question of his removability from the United States.

10. The defendant concedes that he is subject to removal from the United States pursuant to: (1) section 237(a)(1)(C)(i) of the Act, 18 U.S.C. § 1227(a)(1)(C)(i), as amended, in that, after admission as a nonimmigrant under Section 101(a)(15) of the Act, 8 U.S.C. § 1101(a)(15), he failed to comply with the conditions of the nonimmigrant status under which he was admitted; and (2) section 237(a)(1)(B) of the Act, 18 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, 8 U.S.C. § 1101(a)(15), he remained in the United States for a time longer than permitted.

11. The defendant further waives any and all rights that he may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related to federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal

under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under sections 212(h) or 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States.

12. The defendant agrees to the entry of a stipulated judicial order of removal pursuant to section 238(c) of the Act, 8 U.S.C. § 1228(c). He acknowledges that he has not been persecuted in, and has no present fear of persecution in Turkey, the country of which he is a native and citizen. He further acknowledges that he has not been tortured in, and has no present fear of torture in Turkey, the country of which he is a native and citizen.

13. The defendant consents to the introduction of this statement as an exhibit in the record of his judicial removal proceedings. He further agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy and confidentiality rights under 8 C.F.R. § 208.6. As a result of the above-referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration, he shall be removed to Turkey.

14. The defendant agrees to assist United States Immigration and Customs Enforcement ("ICE") in the execution of his removal. Specifically, he agrees to assist ICE in the procurement of any travel, identity, or any other documents necessary for his removal; to meet with and to cooperate with representatives of the country or countries to which he may by statute be removed if ICE so requests; to execute any forms, applications, or waivers needed to execute or expedite his removal. The defendant further understands that his failure or refusal to assist ICE in

the execution of his removal may subject him to criminal penalties under section 243 of the Act, 8 U.S.C. § 1253.

15. The defendant concedes that the entry of a written order of removal renders him permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the United States Government.

16. The defendant will accept a written order of removal issued by this Court for his removal from the United States to Turkey as a final disposition of these proceedings, and he waives any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

ACCORDINGLY, defendant Salih Zeki Ozturk and the United States jointly request that the Court, after imposing sentence, order that the defendant be removed from the United States so that promptly upon his release from confinement (if any), United States Immigration and Customs Enforcement may execute the order of removal according to the applicable laws and regulations.

SO STIPULATED.

                              RONALD C. MACHEN JR.
                              United States Attorney
                              D.C. Bar No. 447889

By: _____
      T. Patrick Martin
      Assistant United States Attorney
      D.C. Bar Number 471965
      National Security Section
      United States Attorney's Office
        for the District of Columbia

I have read this stipulation or have had this stipulation read to me, and I have carefully discussed every part of it with my attorney. I understand the terms of this stipulation and I voluntarily agree to those terms.

_____      \_\_\_Aug 5th, 2013_____
Salih Zeki Ozturk                                                            Date

I am Salih Zeki Ozturk's attorney. I have carefully discussed this stipulation with my client. To the best of my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____      \_\_\_8/5/13_____
Karl A. Racine, Esquire                                                   Date
Attorney for Defendant

5